UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JOSE JIMENEZ, *on behalf of himself and all others similarly situated*,

                Plaintiff,

    -against-

S&MA CONTRACTING INC., WARIS ALI, Individually, and ASAAD ALI a/k/a NASSIR ALI, Individually,

                Defendants.

------------------------------------------------------------------------X

Docket No:

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Collective Action and Class Action Complaint**

JOSE JIMENEZ by and through his attorneys, BELL LAW GROUP, PLLC, as and for their Complaint against S&MA CONTRACTING INC., WARIS ALI, and ASAAD ALI a/k/a NASSIR ALI (collectively, "Defendants"), alleges upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

### NATURE OF CASE

1. Plaintiff brings this action on his own behalf and on behalf of similarly situated Plaintiffs for Defendants' systemic and continuous violations of: (i) the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); (ii) the New York Labor Law ("Labor Law" or "NYLL"); (iii) the anti-retaliation provision of NYLL § 215; (iv) the anti-retaliation provision of FLSA, 29 U.S.C. §215(a)(3); (v) the requirement that employees furnish employees with an accurate wage notice at the time of hiring, and on an annual basis, containing specific categories of information under the NYLL § 195(1), codified as the New York Wage Theft Prevention Act (the "NYWTPA"); (vi) the requirement that employees furnish employees with an accurate wage statement with each payment, containing specific categories of information under the NYLL § 195(3); (vii) the spread of hours requirement as contained in New York State regulation, 12

1

NYCRR § 142 *et seq*; and (viii) any other cause(s) of action that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.  Defendant is a contracting company that installs sidewalks, walkways, and driveways for private homes and commercial properties. Due to Defendants' systemic and unlawful policies, Plaintiff worked (6) six days a week, and more than forty (40) hours per week. Nonetheless, Defendants failed to pay him overtime wages at the mandatory statutory rate of one-and-one-half-times his regular rate for all hours over forty (40) in a workweek. Additionally, Defendants paid Plaintiff in cash and never provided him with lawful wage notices or statements. Worse still, when Plaintiff complained about Defendants' unlawful pay practices, he was summarily terminated.

3.  Accordingly, Plaintiff now brings this action on behalf of himself, and all others similarly situated, both current and former employees, pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA.

4.  Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendants in New York, pursuant to Fed. R. Civ. P. 23, for violations of NYLL § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

5.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et. seq.*

6.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common

nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as the Defendants reside within this judicial district.

## DEMAND FOR A JURY TRIAL

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. At all relevant times herein, Mr. Jose Jimenez ("Mr. Jimenez") was and is a resident of the State of New York.

10. At all times relevant herein, Mr. Jimenez was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

11. At all relevant times herein, Mr. Jimenez was an "employee" entitled to protection as defined by the NYLL and NYWTPA.

### *Defendant SM&A Contracting*

12. At all relevant times herein S&MA CONTRACTING INC. ("S&MA") was, and still is, a domestic corporation organized and existing by virtue of the laws of the State of New York with its principal place of business located at 283 Devoe Avenue, Yonkers, New York. Defendant S&MA also maintained other business addresses at 1019 Saw Mill River Road, Ardsley, New York.

13. At all relevant times, Defendant S&MA employed more than 50 employees.

14. At all relevant times, Defendant S&MA controlled the terms and conditions of Plaintiff's employment, and was and is an "employer" within the meaning of the FLSA and NYLL.

15. At all times relevant herein, Defendant S&MA was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*. Further, at all times relevant to this action, Defendant was engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA, and Defendant's qualifying annual business exceeds $500,000.00.

16. Defendant Waris Ali is a resident of the State of New York and is the owner and operator of Defendant S&MA.

17. Defendant Waris Ali is an "employer" within the meaning of the FLSA and NYLL, because he, inter alia, (i) had the power to hire and fire the employees, (ii) supervised and controlled employee work schedules or conditions of employment; and (iii) determined the rate and method of payment.

18. Defendant Asaad Ali, a/k/a Nassir Ali is a resident of the State of New York and is the owner and operator of Defendant S&MA.

19. Defendant Asaad Ali, a/k/a Nassir Ali is an "employer" within the meaning of the FLSA and NYLL, because he, inter alia, (i) had the power to hire and fire the employees, (ii) supervised and controlled employee work schedules or conditions of employment; and (iii) determined the rate and method of payment.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of a putative collective action defined to include:

> All employees who were employed by Defendants during the relevant statutory period, who were denied overtime wages at the mandatory

4

statutory rate for all hours over 40 in a workweek (hereinafter, the "FLSA Plaintiffs").

21. With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they were or are subject to the same or similar unlawful practices, policy, or plan – namely of being misclassified as "exempt" and denied overtime wages at a rate of one-and-one-half times their regular rate; (b) their claims are based upon the same factual and legal theories; and (c) the employment relationship between Defendants and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

22. Plaintiff estimates that the FLSA Class, including both current and former employees throughout the United States, over the relevant period, will include several hundred members. The precise number of FLSA Class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

23. Plaintiff's entitlement to overtime pay would be similar to that of the other FLSA Class members, and their claim would depend on identical factual and legal questions, including but not limited to: a) Whether Plaintiff was denied overtime wages at the mandatory statutory rate for all hours over 40 in a workweek; b) whether Defendants' violations were willful; and c) whether Defendants should be required to pay compensatory damages, attorneys' fees, and costs.

## RULE 23 CLASS ACTION ALLEGATIONS

24. Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative class defined to include:

Current and former employees of Defendants who performed work for Defendants during the statutory period, within the State of New York, and who were:

(1) denied overtime wages at the mandatory statutory rate for all hours over 40 in a workweek;

(2) denied accurate and/or complete pay wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); and/or

(3) denied accurate and/or complete wage notices upon hiring, and annually thereafter, containing the information required by N.Y. Lab. Law § 195(1).

25. *Numerosity:* The members of the New York Class are so numerous that joinder of all members in the case would be impracticable. Plaintiff reasonably estimates that there are over 40 Class members who reside and work in New York. The precise number of Class members should be readily available from a review of Defendants' personnel and payroll records.

26. *Commonality/Predominance:* There is a well-defined community of interest among the New York Class members and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendants failed to pay Plaintiff and Class Members the mandatory statutory rate of one-and-one-half times the regular hourly rate for all hours worked in excess of 40 in a workweek;

    b. Whether Defendants' pay practices were in violation of the NYLL;

    c. Whether Defendants violated the NYWTPA by failing to provide Plaintiff and Class Members with sufficiently detailed wage statements with each payment, as required by NYLL § 195(3);

    d. Whether Defendants violated the NYWTPA by failing to provide Plaintiff and Class Members with a written statement upon hiring, and annually, as required by NYLL § 195(1);

6

  e. Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the NYLL; and

  f. Whether Defendants violations were willful.

27.  *Typicality:* Plaintiff's claims are typical of those of the New York Class in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, and course of conduct as all other New York Class members' claims, and Plaintiff's legal theories are based on the same legal theories as all other New York Class members, as detailed above.

28.  *Adequacy:* Plaintiff will fully and adequately protect the interests of the New York Class and Plaintiff has retained counsel who are qualified and experienced in the litigation of wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the New York Class.

29.  *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is not economically feasible for the New York Class members to prosecute individual actions on their own, given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer.

30.  The case will be manageable as a class action because Defendants have payroll systems that will allow the wage-and-hour facts and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

## FACTUAL ALLEGATIONS

31.     Plaintiff commenced work for Defendants as a truck driver from on or about April, 2017 through approximately December 5, 2022, when he was unlawfully terminated.

32.     Defendant is a contracting company that installs sidewalks, walkways, and driveways for private homes and commercial properties. Plaintiff's duties included <u>inter alia</u>, transferring gravel, rocks, cement and other materials to and from various job sites throughout the Five Boroughs of the State of New York, and also transferring garbage, concrete waste, and hazardous materials from these job sites to a New York State landfill.

33.     From April 2017 through 2022, Plaintiff typically worked approximately seventy-five (75) to eighty (80) hours per week for a six-day workweek. Plaintiff's typical schedule was from 6:30am to 8:00 p.m. For instance, during the week of September 20, 2021, Plaintiff worked more than forty (40) hours, and he requested compensation for same.

34.     For the years 2017 to December 2019, Plaintiff was paid an hourly rate of $7.50 per hour, in cash, and never received any overtime payments at the mandatory statutory of one-and-one-half-times his regular rate, despite regularly working more than forty (40) hours per week.

35.     Thereafter, from 2020 to December 5, 2022, Plaintiff was paid a flat rate of pay of $150.00 per day, in cash, regardless of the number of hours worked.  Once again, Plaintiff was not paid at the mandatory statutory rate of one-and-one-half-times his regular rate, for all hours over forty (40) in a workweek.

36.     From Plaintiff's date of hire until his termination on December 5, 2022, Plaintiff was not paid any required overtime wages.

37.     At all relevant times, Plaintiff was entitled to wage statements under New York Labor Law § 195(3), indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and

itemized allowances and deductions. However, Plaintiff never received accurate wage statement, since he was paid in cash, and he was denied overtime wages at the mandatory, statutory rate.

38. Likewise, Plaintiff was entitled to a Wage Theft Prevention Act notice at the start of his employment and when his compensation changed. However, Plaintiff never received the required notices.

***Defendants Terminated Plaintiff in Retaliation for Engaging in Protected Activities***

39. On or about December 2, 2022, Plaintiff worked a nineteen (19) hour shift due to having a flat tire on Queens Boulevard which occurred on or about 10:40 a.m.. Defendants did not send a tow truck until Saturday at 3:00 a.m., December 3, 2022. Plaintiff then drove with tow truck to mechanic's store in Yonkers.

40. On the same day, December 3, 2022, Plaintiff asked Defendant Waris Ali via text to be paid for the nineteen (19) he had worked plus the hours he had worked during the week. weekly hours. He also communicated with Assad Ali via text. Plaintiff stated via text that he would report Defendants' unlawful conduct including long hours and unlawful wages.

41. On Monday, December 5, 2022, Plaintiff called and texted Defendant Waris Ali regarding his lawful wages. In response, the Plaintiff was paid $640.00 for the past week, which was woefully inadequate and violated multiple state and federal laws. Indeed, Plaintiff had worked four (4) days that week, lasting approximately ten (10) hours each day, for which he was paid $150.00 per day, equaling $600.00. Thus, Plaintiff only received $40.00 for working nineteen (19) *overtime* hours on December 2-3, 2022.

42. Thereafter, on that same day, December 5, 2022, Waris Ali unlawfully terminated Plaintiff's employment, in retaliation for Plaintiff's complaints about his unlawful wages.

**FIRST CAUSE OF ACTION**
*(Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219)*

43. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. The FLSA requires an employer to pay employees the federally mandated overtime rate of one-and-one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek.

45. S&MA deliberately and systematically refused to pay its employees overtime wages, at the mandatory, statutory rate of one-and-one-half-times each employee's regular rate of pay.

46. S&MA's practices were willful and lasted for the duration of all relevant time periods.

47. Based on the foregoing, S&MA liable for the unpaid overtime wages of the Plaintiff, the FLSA Plaintiffs, and the New York Class, plus liquidated damages, costs, and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
*(Violation of Labor Law §§ 650 et seq.)*

48. Plaintiff, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. S&MA violated the NYLL by regularly and repeatedly failing to compensate Plaintiff and the New York Class for their overtime hours.

50. S&MA's practices were willful and lasted for the duration of all relevant time periods.

51. By reason of the foregoing, S&MA is liable for unpaid wages and overtime wages, in an amount to be determined at trial, plus liquidated damages, costs and attorneys' fees.

**THIRD CAUSE OF ACTION**
*(Violation of the New York Labor Law § 195 (3))*

52.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     New York Labor Law §195 (3) and the NYWTPA requires that employers furnish employees with wage statements containing specific enumerated criteria on each occasion when the employer pays wages to the employee.

54.     S&MA did not issue accurate pay stubs to the Plaintiff, in violation of New York Labor Law §195 (3) and the NYWTPA.

55.     Specifically, Plaintiff were not given pay stubs since he was paid in cash; moreover, any purported wage statement failed to accurately reflect the number of overtime hours worked each and every week.

56.     Based on the foregoing, S&MA is liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief available under to NYLL § 198.

**FOURTH CAUSE OF ACTION**
*(Violation of the New York Labor Law § 195 (1))*

57.     Plaintiff, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with a notice upon hiring, setting forth, among other things, "the rate or rates of pay and basis thereof."

59. S&MA knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of notice whatsoever, let alone a notice meeting the requirements of NYLL § 195(1)(a).

60. Based on the foregoing, S&MA is liable to Plaintiff and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief available under to NYLL § 198.

## FIFTH CAUSE OF ACTION
(New York Spread of Hours Violations,
NYLL §§ 650 *et seq*., N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.64)

61. Plaintiff, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. Plaintiff and the Class members regularly worked days where the spread of hours exceeded ten (10).

63. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

64. As a result of Defendants' willful and intentional unlawful conduct, Plaintiff and the proposed Class members are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
(Unlawful Retaliation under the FLSA)

65. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. The FLSA mandates overtime wages for hours worked in excess of 40 a week and prohibits employers from discharging or otherwise retaliating against employees who seek enforcement of its provisions. See 29 U.S.C. §§ 207, 215(a)(3).

67. On or about December 3, 2022, Plaintiff complained to Defendants about their unlawful pay practices. Additionally, he asked to be paid for working nineteen (19) hours as a result of having a flat tire on December 2, 2022, and then being forced to wait for Defendants to send a tow truck.

68. On December 5, 2022, Plaintiff was paid only $40.00 for the nineteen (19) hours he worked on December 2-3, 2022.

69. Thereafter, on that same day, Defendants engaged in retaliatory conduct and terminated Plaintiff's employment.

70. Defendants discharged Plaintiff's employment because he engaged in protected activity.

71. The temporal proximity between Plaintiff's exercise of his rights under the FLSA and Defendants' adverse employment action give rise to an inference of retaliation.

72. By reason of the foregoing, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation in an amount to be determined at trial, back pay, emotional distress damages, liquidated damages, interests, costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
(Violation of NYLL § 215: Unlawful Retaliation)

73. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above

with the same force and effect as if more fully set forth herein.

74. Defendants intentionally, willfully, and maliciously terminated Plaintiff's employment in violation of § 215 of the New York Labor Law.

75. On or about December 3, 2022, Plaintiff complained to Defendants about their unlawful pay practices. Additionally, he asked to be paid for working nineteen (19) hours as a result of having a flat tire on December 2, 2022, and then being forced to wait for Defendants to send a tow truck.

76. On December 5, 2022, Plaintiff was paid only $40.00 for the nineteen (19) hours he worked on December 2-3, 2022.

77. Thereafter, Defendants engaged in retaliatory conduct and terminated Plaintiff's employment.

78. Defendants discharged Plaintiff's employment because he engaged in protected activity.

79. The temporal proximity between Plaintiff's exercise of his rights under the NYLL and Defendants' adverse employment action give rise to an inference of retaliation.

80. By reason of the foregoing, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation in an amount to be determined at trial, back pay, emotional distress damages, liquidated damages, interests, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, FLSA Plaintiffs and the New York Class demand judgment against S&MA as follows:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c. Designating Plaintiff as the Class Representatives for the Collective Action under 29 U.S.C. § 216(b);

d. Designating Plaintiff as the Class Representatives for the New York Class under Fed. R. Civ. P. 23(b)(3) or (c)(4);

e. Designating Plaintiff's counsel, Bell Law Group, PLLC, as Class Counsel;

f. Granting judgment in favor of Plaintiff, FLSA Plaintiffs, and the New York Class, and against Defendants, and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times Plaintiff's regular rate, multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week;

g. Awarding all other available compensatory damages to Plaintiff, FLSA Plaintiffs, and the New York Class, including, _inter alia_, all unpaid wages, liquidated damages, and lost interest owed, under the FLSA and NYLL;

h. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

i. Awarding pre- judgment and post-judgment interest to Plaintiff on these damages; and

j. Such further relief as this court deems appropriate.

Date:  New York, New York
       January 4, 2024

        Respectfully submitted,

        BELL LAW GROUP, PLLC

        By: _/s/ Chaya M. Gourarie_
        Chaya M. Gourarie, Esq.
        Bell Law Group, PLLC
        116 Jackson Avenue
        Syosset, New York 11791
        T. 516-280-3008
        cg@belllg.com

TO:

S&MA CONTRACTING INC.

283 Devoe Avenue, Yonkers, New York, 10705
1019 Saw Mill River Road, Ardsley, New York, 10502

WARIS ALI
c/o S&MA CONTRACTING INC.
283 Devoe Avenue, Yonkers, New York, 10705
1019 Saw Mill River Road, Ardsley, New York, 10502

ASAAD ALI a/k/a NASSIR ALI
c/o S&MA CONTRACTING INC.
283 Devoe Avenue, Yonkers, New York, 10705
1019 Saw Mill River Road, Ardsley, New York, 10502